# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Douglas Everett Dowden

May 27, 1998

Case Nos. (Criminal) 11280, 11486

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Motion in Limine filed by the defendant Douglas Everett Dowden. He requests that the Court dismiss the indictments against him based upon the actions of the Commonwealth's Attorney in performing record checks of prospective veniremen. In the alternative, he asks that the Court enter an Order prohibiting the Office of the Commonwealth's Attorney from conducting such record checks.

The Court finds that the activity of which defendant complains, that is, the use of the automated criminal justice information system to review the backgrounds of prospective jurors, does not constitute an appropriate use of the system. §§ 9-169, 19.2-389, Code of Virginia. However, the Court declines the invitation of the defendant to impose the sanctions requested in the Motion in Limine.

Jurors, like the participants in the trial of any case, are not stripped of their rights when called upon to participate in the decision-making process. *See, Batson v. Kentucky*, 476 U.S. 79 (1986). Moreover, the defendant makes a forceful argument concerning the effect of disparate limitations on access to information on the substantive and procedural rights of the defendant.

The Court does not believe that the General Assembly envisioned the use of the automated criminal information network in such a way as might expose jurors to a review of their backgrounds, particularly when due process may require relinquishment of those records to those over whom they would sit in judgment.

In a recent opinion, the Attorney General has determined that the principal function of the Public Defender's Office is not the administration of criminal justice. Thus, he determined that "[a] public defender ... is not authorized to perform any of the criminal justice activities listed in § 9-169(1)" and therefore may not have a VCIN terminal installed in their offices. Op. of the Attorney General (Dec. 20, 1996). Pursuant to § 9-169(1), Code of Virginia, " 'Administration of Criminal Justice' has been defined as the performance of any activity directly involving the detection, apprehension, detention, pre-trial release, post-trial release, prosecution, adjudication, correctional supervision, or rehabilitation of accused persons or criminal offenders or the collection, storage, and dissemination of criminal history record information." By analogy, it can be said that the purpose for which the Commonwealth's Attorney seeks to utilize the data base in question in this case is no different from that sought by the Public Defender. Both the Commonwealth's Attorney and the Public Defender are involved as advocates in the trial of jury cases.

The Commonwealth's Attorney plays no role by statute in the selection of veniremen for potential jury service. This is a function which is reserved to the Court. The Court is charged with the responsibility of ensuring the integrity of the selection process, including the adoption of necessary rules governing selection. § 8.01-345, Code of Virginia.

The Commonwealth's Attorney is an advocate and, as such, is involved in the litigation process, including voir dire and the taking of peremptory strikes. Like the selection of potential veniremen, it is the Court which oversees the process of voir dire. § 8.01-358, Code of Virginia. Thus, utilizing the automated criminal network to facilitate the selection process, the Commonwealth's Attorney, while engaged in the litigation process, is not, as the Attorney General has determined, involved in the administration of criminal justice. § 19.2-389, Code of Virginia.

As noted earlier, the Court does not believe the instant motion to be the appropriate procedural remedy for the actions of which he complains. Dismissing the indictment or directing the Attorney for the Commonwealth to take specific action within the context of this criminal prosecution is inappropriate. There are other more appropriate tools available to protect the integrity of the jury selection process. To create a common law rule of exclusion based upon considerations of public policy is unnecessary and unwarranted.

An aggrieved party may seek redress pursuant to §§ 9-194, 9-195, Code of Virginia. Additionally, the Court, by rule, may limit the use of jury lists furnished to counsel. § 8.01-345, Code of Virginia. Pending adoption of a rule, the Court, pursuant to its responsibility to ensure the integrity of the jury

selection process and the safety of individual jurors has the inherent authority to limit the use of jury lists furnished counsel and the parties. Thus, it may proscribe the manner in which such information may be utilized where such limitations do not conflict with the Constitution or statutes, specifically, the use of the list to make inquiries of electronic data bases.

In order that there may be uniformity in the manner in which such limitations may be imposed, I have brought the matter to the attention of the Chief Judge in order that he may review the matter and decide upon the appropriateness of such a rule. But for such desire for uniformity, I would not hesitate to exercise my inherent power and impose a limitation on the use of the jury list to make inquiries of the electronic data base in question. As counsel have observed within the context of another case, this Court frowned upon the obtaining of such information for the purpose of determining the qualifications of prospective veniremen.

Until such a rule, applicable to both the prosecution and defense, is adopted, the Court will, as part of the voir dire process, ensure that no prejudice arises from any actions taken of which the defendant complains.

The Motion in Limine will be denied.